BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION | MDL No. _____ |

**MOTION OF PLAINTIFFS ALEXANDER AND RONA BERGER, EMANUEL CERVELLI, LAWRENCE DALY, JEFFREY AND DIANE FASSLER, MARK GOLDMAN, MICHAEL HEAD, MICHAEL AND DEBBIE INSDORF, AND LESLIE AND ARCANGELO LIBERATORE AND FOR TRANSFER OF ACTIONS TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK PURSUANT TO 28 § 1407 AND JPML 6.2 FOR COORDINATED AND CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407 and Judicial Panel on Multi-District Litigation ("JPML") Rule 6.2, Plaintiffs Alexander and Rona Berger, Emanuel Cervelli, Lawrence Daly, Jeffrey and Diane Fassler, Mark Goldman, Michael Head, Michael and Debbie Insdorf, and Leslie and Arcangelo Liberatore (collectively "Plaintiffs") respectfully move this Judicial Panel on Multi-District Litigation ("Panel") for an Order transferring the currently filed cases marked in the attached Schedule of Actions (collectively the "Actions"), as well as any cases subsequently filed involving similar facts or claims ("tag-along cases"), before the Hon. Kiyo A. Matsumoto in the United States District Court for the Eastern District of New York.

In support of this motion, Plaintiffs aver the following, as more fully set forth in the accompanying Brief:

1. The Actions are listed on the Actions in accordance with the Panel's Rule 6.1(b)(ii); all complaints and federal district docket sheets in the Actions are attached hereto as Exhibits "1"

through "27". The actions allege numerous causes of action relating to a defective polyethylene components of knee and hip implants manufactured by the Defendants, as defined below.

2. Each of these Actions arise from the same or similar operative facts and wrongful conduct alleging that, as a result of receiving an Optetrak Comprehensive Knee System (hereinafter referred to as "Optetrak Device"), the Truliant Knee Replacement System (hereinafter referred to as "Truliant Device"), or the Connexion GXL Acetabular Liner (hereinafter referred to as "Connexion GXL Device"), all involving polyethylene components that failed prematurely and all manufactured and sold by a common defendant, Exactech, Inc. (hereinafter referred to as "Exactech") and its affiliated corporations. This motion is also intended to encompass any future cases filed involving failure of the Vantage Total Ankle System (hereinafter referred to as "Vantage Device") as the tibial insert of that prosthesis was also recalled within the same recall period and for the same basis as the Optetrak and Truliant Devices.

3. There are currently seven cases pending in the Eastern District of New York; six cases pending in the Southern District of New York; four cases pending in the District of Maryland; two cases pending in the District of New Jersey; two cases pending in the District of South Carolina; one case pending in the Eastern District of Arkansas; one case pending in the District of Colorado; one case pending in the District of Connecticut; one case pending in the Eastern District of Louisiana; one case pending in the Eastern District of Missouri; and one case pending in the Northern District of Texas.

4. Given the widespread use of the Defendants' Optetrak, Truliant, Connexion GXL, and Vantage devices and their defective nature, it is likely that additional claimants will be harmed and additional similar actions will be filed in or removed to federal courts in the future.

2

5.  Upon information and belief, all cases are in the early stages of discovery with all cases having been filed this calendar year 2022 except for *Patterson v. Exactech, Inc.* which was removed from state court less than a year ago and where an amended answer was filed in March of 2022 (See Exhibit 19). Therefore, no prejudice or inconvenience will result from the transfer, coordination, and consolidation of the related Actions to the Eastern District of New York.

6.  In each case, Plaintiffs allege that their Optetrak, Truliant, Connexion GXL, or Vantage Device failed due to premature degradation of polyethylene, and the components at issue were removed or are scheduled to be removed in the coming weeks. The cases involve a shared mechanism of failure as well as similar injuries to each plaintiff, including but not limited to the need for revision surgery, component loosening, tissue damage, osteolysis, and bone loss.

7.  The complaints assert similar causes of action, including, but not limited to, negligence, strict liability failure to warn and design defect, negligent misrepresentation, breach of express warranty, breach of implied warranty, strict liability for manufacturing defect and loss of consortium and services.

8.  The complaints involve similar factual allegations and, thus, any necessary discovery will arise from common questions of fact.

9.  The transfer of the Actions will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of such Actions by avoiding the possibility of inconsistent pretrial rulings on the proper scope of discovery, issues of causation, and other similar factual and legal issues present in each action.

**WHEREFORE**, for the reasons stated herein and in the accompanying Brief, Plaintiffs respectfully request that the Panel issue an order transferring all actions listed in the attached Schedule of Actions, as well as all subsequently filed related actions, for coordinated and

3

consolidated pretrial proceedings to the Hon. Kiyo A. Matsumoto in the United States Eastern District of New York.

Dated: June 14, 2022

Respectfully submitted,

/s/ Ellen Relkin

Ellen Relkin, Esq. ER-9536
Danielle Gold, Esq. DG-2506
**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, NY 10003
[email]@weitzlux.com
Tel: 212- 558-5715
Fax: 212-344-5461

*Counsel for Plaintiffs Alexander and Rona Berger, Emanuel Cervelli, Lawrence Daly, Jeffrey and Diane Fassler, Mark Goldman, Michael Head, Michael and Debbie Insdorf, and Leslie and Arcangelo Liberatore*